United States District Court

District of Connecticut

Leeroy J. Harris
Inmate # 182740
Corrigan Correctional Institute
986 Norwich-NewLondon Tpk
Uncasville, CT. 06382

Civil No.: Unassigned


Dated: June 30, 2021


Jury Trial Demanded

VS

Original Complaint In Damages

Janine Brennan
986 Norwich-NewLondon Tpk
Uncasville, CT. 06382


Dr. Ingrid Feder
986 Norwich-NewLondon Tpk.
Uncasville, CT. 06382


Kayla Lozada
986 Norwich-NewLondon Tpk.
Uncasville, CT. 06382


Peter Burns
986 Norwich-NewLondon Tpk.
Uncasville, CT. 06382


Kara Phillips
986 Norwich-NewLondon Tpk.
Uncasville, CT. 06382


Amy Benoit
986 Norwich-NewLondon Tpk.
Uncasville, CT. 06382


Colleen Gallagher
986 Norwich-NewLondon Tpk.
Uncasville, CT. 06382


Parties :


1. At all times herein mentioned the plaintiff, Leeroy J. Harris (Harris),

is and was an inmate, # 182740, incarcerated within and for the State of

Connecticut (the state), in the custody and care of the Department of Correction

(D.O.C., the department), being housed at the Corrigan Correctional Institute (corrigan).

2. At all times herein mentioned the defendant, Janine Brennan (Brennan), is and was a member of the D.O.C. Medical staff providing medical care services to inmates at Corrigan, as a nurse and Health Services Administrative Remedy Coordinator (HSARC), being sued herein in an individual and official capacity.

3. At all times herein mentioned the defendant, Dr. Ingrid Feder (Feder), is and was a member of the D.O.C. medical staff providing medical care services to inmates at Corrigan, as a doctor and primary care provider, and is being sued herein in an individual and official capacity.

4. At all times herein mentioned the defendant, Kayla Lozada (Lozada), is and was a member of the P.O.C. medical staff providing medical care services to inmates at Corrigan, as a nurse, and is being sued herein in an individual and official capacity.

5. At all times herein mentioned the defendant, Peter Burns (Burns), is and was a D.O.C. medical staff member providing medical care services to inmates at Corrigan, as a nurse, and is being sued herein in an individual and official capacity.

6. At all times herein mentioned the defendant, Kara Phillips (Phillips), is and was a D.O.C. medical staff member providing medical care services to inmates at corrigan, as a nurse and Nursing supervisor, and is being sued herein in an individual and official capacity.

7. At all times herein mentioned the defendant, Amy Benoit (Benoit), is and was a D.O.C. medical staff member providing medical care services to inmates at Corrigan, as a nurse and Nursing Supervisor, and is being sued herein in an individual and official capacity.

8. At all times herein mentioned the defendant, Colleen Gallagher (Gallagher), is and was a D.O.C. medical staff member providing medical care services to inmates at Corrigan, as Director of Medical Services, and is being sued herein in an individual and official capacity.

Count One:

1-9. Paragraphs numbering 1-8 of the foregoing are incorporated here by reference as if set forth at length and made a part hereof this the First Count.

10. The state and D.O.C. have suffered from the systemic deficiency in the provision of medical care services to inmates within its custody, including, but not limited to: being under-funded, short staffed, and inadequate training and follow-up management.

11. This underfunding and short staffing has caused medical staff, including defendants Brennan, Feder, Lorade, Burns, Phillips and Benoit to delay and deny diagnostic testings, evaluations, medical treatments and prescriptive therapy regimens necessary to diagnose and treat medical maladies thereby aggravating the otherwise treatable medical ailment and causing greater injury and longer recovery periods for inmates, including Harris; at the direction of Gallagher to save money off the medical budget.

12. One of the means employed by the defendants to delay the diagnosis and provision of medical care to inmates, including Harris; is by keeping the plaintiff in a continuous loop of being referred to the "Nursing Sick Call" (RNSC), which is the beginning step for receiving medical care within the D.O.C.; and being promised that the plaintiff was placed on the "Prescriber Sick Call" (MDSC), where Harris can actually obtain diagnostic and treatment medical orders; for indefinite periods.

13. Another means employed by defendants, including Brennan, at the direction of Phillips, Benoit and Gallagher; to delay the diagnosis and provision of medical care to inmates, including Harris; is by playing games with the filings of an inmate of Health Services Administrative Remedy forms, designed and intended to identify and remedy deficiencies in the provision of medical care services to an inmate like Harris.

14. Harris suffers a chronic impairment of his left ankle that requires him to use a customized, molded brace to facilitate ambulation, which requires regular maintenance and re-fittings.

15. The medical disability is extremely painful, to the point of being debilitative, which can only be controlled to a bearable level by the use of a Cortisone Steroid Injection (CSI, corticosteroid), at regular intervals, every few months.

16. Prior to June, 2020, Harris repeatedly reported that he was in extreme pain and in need of "proper support" of his ankle and a CSI treatment to alleviate his suffering.

17. Instead, in an attempted delay of proper treatment, Lozada, Burns,

Phillips and Benoit, continuously referred Harris back to sick call, promising that Harris would be placed on the MPSC list; in response to Harris' Inmate Request Forms begging for proper care.

18. Each time Harris submitted a Health Services Review (HSR), now known as a Health Services Administrative Remedy (HSAR)(effective 4/30/21); Brennan either ignored the filings, and on multiple occasions "Rejected" the HSR, HSARs; alleging some technical defect existed, where none did; and without specifically identifying the alleged defect; in an attempt to delay and prevent plaintiff's receipt of proper and meaningful pain management and brace refittings.

19. Plaintiff's left ankle disability has been a constant factor of his incarceration since 1994, and is well documented in his medical record and known to each of the defendants.

20. On or about August, 2020, Harris began reporting that he was having severe pain in the area of his left kidney, problems with frequent urination and extreme pain in his lower right abdomen, right testicle and right thigh, that caused him extreme concern and distress because he, and his other family members have a long history of cancer, which caused his ankle disability.

21. Each of these conditions were presenting independent of each other and, at times simultaneously.

22. In an attempt to delay proper and timely diagnosis and treatment, Lozada, Burns, Phillips and Benoit again engaged in an RNSC/MPSC endless loop game with Harris' Inmate Request Forms and Brennan rejected and ignored his

HSR's and continues to do the same with his HSARs, at the direction of Gallagher, in an attempt to save money off the medical budget, by delaying his timely receipt of medical care or preventing it outright.

23. The extent of care provided to Harris consisted of Feder prescribing "FloMax" and low doses of aspirin, without any diagnostic testing to ascertain the cause, and it did not alleviate plaintiff's suffering.

24. After more than 7 months repeatedly informing the defendants, Feder, Lozada, Burns, Phillips, Benoit and Brennan, by Inmate Request Form and HSARs, which defendants continued playing games with; Feder ordered diagnostic blood work on or about 3/3/21, because Harris continued suffering, and continuous attempts to receive care; including verbally with each defendant.

25. To date, Feder, Lozada, Burns, Phillips, Benoit and Brennan have failed and refused to provide any other diagnostic testing and failed and refused to discuss any of the results of the blood work.

26. Instead, leaving Harris to suffer extreme pain attempting to message his groin, abdomen and thigh to alleviate some of his physical pain and suffering.

27. The defendants failure and refusal to diagnose and treat plaintiff's condition leaves him distraught imagining all the potential problems that could be associated with his symptoms causing him extreme emotional distress.

28. Plaintiff's distress is heightened by his knowledge of an inmate within his housing unit who is now relegated to a lifetime colostomy bag due to defendants failure to diagnose a treatable intestinal infection and then

subsequent failure and refusal to provide the properly prescribed, prescriptive therapy regimen to treat the infection.

29. Defendants knew or should have known plaintiff would be harmed and injured as a direct and proximate cause of defendants actions, or lack thereof.

30. Plaintiff was harmed and injured as a direct and proximate result of defendants actions, or lack thereof, as described herein.

31. Therefore, plaintiff prays this court grant the following relief:

a) compensatory damages of $250,000.00

b) Punitive damages of $250,000.00

c) costs and attorney fees.

d) injunctive relief commanding defendants to properly treat plaintiff's ankle with CSI treatments necessary to control his pain to a bearable level and ankle brace resizing and refittings as necessary, and;

e) injunctive relief commanding defendants to properly diagnose and treat plaintiff abdominal, kidney, and groin problems, including the pain associated therewith, and;

f) injunctive relief commanding defendants enjoined from retaliating against Harris, including, by attempting to allege his massaging of the plaintiff's groin and lower abdomen, as necessary to soothe his pain; is any form of sexually deviant behavior, and;

g) such other relief as this court deems just and equitable.

h) injunctive relief commanding defendants enjoined from retaliating against Harris, for this or any other actions seeking redress; by transferring him or impeding

his continued performance of his inmate job.

## Legal Claims

32. Defendants conduct constitutes as deliberate indifference to plaintiff's serious medical needs in violation of the cruel and unusual punishments clause of the Eighth Amendment to the United States Constitution and constitutes as the intentional infliction of emotional distress under pendente state law.

## Past Actions

33. Plaintiff has not brought any past actions on this same set of facts.

## Previously Dismissed Action or Appeals

34. Plaintiff has not brought any past actions or appeals that were dismissed as frivolous, malicious or failure to state a claim such as to subject him to the 3 striker rule.

## Jurisdiction And Venue

35. This action has been brought to remedy the deprivation of constitutional rights under color of state law pursuant to 42 U.S.C. §1983

36. This court has jurisdiction over these claims pursuant to 28 U.S.C. §1331, because they present a federal question; §1343(a), for presenting civil rights violations; and, §1391(b)(2) because the events giving rise to these claims occurred within the District of Connecticut.

37. This court has jurisdiction to grant injunctive relief pursuant to its inherent authority under 28 U.S.C. §2283 and §2284

38. This court maintains pendente jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1331(a), §1367, §1361, §1651 and C.G.S. §52-1, as well as Title II of the Americans with Disabilities Act.

## Declaration under Penalty of Perjury

39. I hereby declare under penalty of perjury that I am the plaintiff in the above complaint that I have read the foregoing and the contents thereof are true and accurate to the best of my knowledge and belief and to those facts alleged upon information and belief I believe them to be true and correct. I understand that if I lie in this complaint I may be prosecuted for perjury and punished with as much as five (5) years in prison and/or fined up to $250,000.00.

I therefore set forth my hand this 30th day of June 2021.

Executed at Uncasville, Connecticut   by _Leeroy J. Harris_
                                              Leeroy J. Harris #182740
                                              986 Norwich-Newlondon Tpk.
                                              Uncasville, CT. 06382