UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEEROY J. HARRIS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:21cv906 (MPS) |
| | : |
| JANINE BRENNAN, ET AL.,<br>    Defendants. | :<br>: |

## INITIAL REVIEW ORDER

The plaintiff, Leeroy J. Harris, is currently confined at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut ("Corrigan-Radgowski"). He files this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131, 12132 against Nurse/Health Services Administrative Remedy Coordinator ("Nurse/HSAR Coordinator") Janine Brennan, Nurses Kayla Lozada and Peter Burns, Nursing Supervisors Kara Phillips and Amy Benoit, Dr. Ingrid Feder, and Director of Medical Services Colleen Gallagher. The plaintiff alleges that he suffers from several serious medical conditions and that the defendants have failed to provide him with treatment. For the reasons set forth below, the Court will dismiss the complaint in part.

**I.      Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Where the plaintiff is representing himself, the Court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

(internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

## II.     Factual Allegations

Since his admission to the Department of Correction in 1994, the plaintiff has suffered from a disabling condition that affects his left ankle. *See* Compl., ECF No. 1, ¶ 19. The condition requires the plaintiff to wear a "customized, molded brace." *Id.* ¶ 14. The brace must be regularly maintained and re-adjusted to fit his ankle. *Id.* The disabling condition affecting his ankle is very painful. *Id.* ¶ 15. Injections of a steroid every few months are necessary to control the pain. *Id.*

Prior to June 2020, the plaintiff repeatedly submitted inmate request forms to the medical department at Corrigan-Radgowski seeking "proper support" for his left ankle and steroid injections to relieve the severe pain caused by the condition affecting his ankle. *Id.* ¶ 16. In response to these requests, Nurses Lozada and Burns and Nursing Supervisors Burns and Benoit indicated that his name would be placed on the MD sick call list. *Id.* ¶ 17. The plaintiff suggests

that he never saw or was treated by a physician and that Nurses Lozada and Burns and Nursing Supervisors Burns and Benoit failed to provide him with treatment to alleviate his painful ankle condition or refer him to have his ankle brace re-adjusted. *Id.* The plaintiff also filed requests for Health Services Review seeking treatment for his painful ankle condition. *Id.* ¶ 18. Nurse/HSAR Coordinator Brennan either ignored the requests or rejected the requests due to a technical defect. *Id.*

In August 2020, the plaintiff reported that he was experiencing severe pain near his left kidney, his lower right abdomen, his right testicle, and his right thigh and that he was urinating frequently. *Id.* ¶ 20. The plaintiff was concerned because of his family's history of cancer. *Id.* In response to his requests for a diagnosis and treatment of his symptoms, Nurses Lozada and Burns and Nursing Supervisors Burns and Benoit placed him on the Nurse sick call list but did not place him on the MD sick call list, despite promising to do so. *Id.* ¶ 22. The plaintiff suggests that Nurses Lozada and Burns and Nursing Supervisors Burns and Benoit failed to facilitate diagnostic testing or treatment of his symptoms. *Id.*

The plaintiff also filed requests for Health Services Review and Health Services Grievances seeking treatment for his kidney and abdominal pain. *Id.* Nurse/HSAR Coordinator Brennan, at the direction of Director of Medical Services Gallagher, would either ignore the requests or reject the requests for the purpose of delaying a diagnosis of his symptoms or denying treatment for his symptoms. *Id.* At some point, Dr. Feder prescribed "Flomax" and a low dose of aspirin in response to the plaintiff's complaints. *Id.* ¶ 23. These medications did not alleviate the plaintiff's symptoms. *Id.*

On March 3, 2021, Dr. Feder referred the plaintiff for diagnostic blood work. *Id.* ¶ 24.

None of the defendants discussed the results of the bloodwork with the plaintiff or referred him for any other diagnostic testing. *Id.* ¶ 25. The plaintiff has become distressed because he suspects that the cause of the pain in his left kidney, his lower right abdomen, his right testicle, and his right thigh is due to a serious medical condition that might require him to use a colostomy bag. *Id.* ¶¶ 27-28.

**III.    Discussion**

The plaintiff alleges that the defendants have been deliberately indifferent to his serious medical conditions in violation of the Eighth Amendment and that their acts or omissions constitute the intentional infliction of emotional distress under state law. In addition, although the plaintiff invokes the ADA only in his jurisdictional allegations, the Court will address the possibility of an ADA claim here as well. The plaintiff seeks compensatory and punitive damages and injunctive relief. *Id.* at 7.

    **A.    ADA**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA, a plaintiff must allege that "1) he is a qualified individual with a disability; 2) [the defendant] is an entity subject to the act[]; and 3) he was denied the opportunity to participate in or benefit from [the defendant's] services, programs, or activities or [the defendant] otherwise discriminated against him by reason of his disability." *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (citation omitted).

The plaintiff alleges that he suffers from a painful, disabling condition that affects his left

ankle and requires him to bear a brace to assist him in ambulating.  This allegation satisfies the first element of an ADA claim.  Furthermore, the Department of Correction is an entity that is subject to the Act.  *See, e.g.*, *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998) (ADA "includes State prisoners and prisons within its coverage).  Thus, the second element of an ADA claim has been met.

The plaintiff has asserted no facts to meet the third element of an ADA claim.  He does not identify any program, benefit, or activity that he could not participate in because of his disability.  Nor are there facts to suggest that the defendants treated the plaintiff adversely because of his disabling conditions or injuries.  Rather, his claim is that the defendants failed to provide him with adequate treatment to alleviate the pain caused by his disabling injury and failed to refer him for diagnostic testing or re-fitting of his ankle brace.  Thus, the plaintiff's allegations address the inadequacy of treatment provided by the defendants for his disabling condition and not discriminatory conduct motivated by his disabling condition.  *See, e.g.*, *Schnauder v. Gibens*, 679 F. App'x 8, 11 (2d Cir. 2017) (summary order) (affirming the dismissal of a plaintiff's ADA/RA claim because inmate's disability – a breathing difficulty caused by a broken nose - "was not the reason he was unable to access medical services; rather, it was the reason he sought such services," so "he ha[d] not pleaded facts showing that denial of treatment was attributable to bias based on disability" (citation omitted)); *Sherman v. Cook*, No. 3:20-CV-1485 (SRU), 2021 WL 311283, at *5 (D. Conn. Jan. 29, 2021) (dismissing claims asserted under ADA and RA related to treatment of inmate's shoulder conditions because claims were "based on a lack of access to adequate medical care, not denial of access to programs or services available to non-disabled persons, or discrimination on the basis of disability."); *Reese*

5

*v. Breton*, No. 3:18-CV-1465 (VAB), 2020 WL 998732, at *5 (D. Conn. Mar. 2, 2020) ("Neither the ADA nor the RA, however, applies to claims regarding the adequacy or substance of services provided by correctional departments or provides a remedy for medical malpractice.") (collecting cases).

The plaintiff has failed to assert facts to state a plausible claim for relief under the ADA. The conclusory allegation that the defendants violated his rights under the ADA is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

**B.     Section 1983 - Eighth Amendment Claims**

The Eighth Amendment prohibits "deliberate indifference to an inmate's serious medical needs." *Estelle v Gamble*, 429 U.S. 97, 104 (1976). An inmate must meet two elements to state a claim that a medical provider was deliberately indifferent to his medical needs. The objective element requires the inmate to assert facts to demonstrate that his medical need or condition is serious. *Hill v. Curcione*, 657 F.3d 116, 122–23 (2d Cir. 2011) (a serious medical need contemplates "a condition of urgency" such as "one that may produce death, degeneration, or extreme pain") (internal quotation marks and citation omitted). In determining whether a condition is serious, the court considers whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).

The second element is subjective. To meet this element, the inmate must allege that the medical provider "act[ed] with a sufficiently culpable state of mind." *Hill*, 657 F.3d at 122 (citation omitted). This state of mind may be shown by the assertion of facts suggesting that

6

that the medical provider was aware that his actions or inactions would cause a substantial risk of serious harm. *Id.* ("[T]he official must "'know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'") (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). Mere negligent conduct or malpractice, however, does not constitute deliberate indifference. *See Hill*, 657 F.3d at 123; *Chance*, 143 F.3d at 703.

The plaintiff alleges that for over 25 years, he has suffered from a painful and debilitating condition that affects his left ankle. In August 2020, he experienced severe pain in his left kidney, his lower right abdomen, his right testicle, and his right thigh. These allegations of chronic and debilitating pain are sufficient to meet the objectively serious prong of the Eighth Amendment standard. *See, e.g.*, *Brock v. Wright,* 315 F.3d 158, 163 (2d Cir.2003) (An inmate need not "demonstrate that he or she experiences pain that is at the limit of human ability to bear, nor do[es] [this Court] require a showing that his or her condition will degenerate into a life threatening one.").

The plaintiff states that he made all defendants aware of both painful conditions and his need for testing to determine the cause of his abdominal and kidney pain, his need to have his ankle brace re-fitted, and his need for relief from the pain in his ankle but the defendants either ignored his requests, delayed the provision of treatment, or failed to facilitate the provision of treatment. The plaintiff has plausibly alleged that the defendants were deliberately indifferent to his serious physical symptoms and needs/conditions.

To the extent that he seeks punitive and compensatory damages from the defendants in

their official capacities for violations of his Eighth Amendment rights, those claims for relief are barred by the Eleventh Amendment and are dismissed under 28 U.S.C. § 1915A(b)(2). *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The Court will permit the Eighth Amendment deliberate indifference to medical needs claims to proceed against all defendants in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive relief.

      **C.**      **State Law Claims**

The plaintiff alleges that the defendants' conduct constitutes intentional infliction of emotional distress. To succeed on an intentional infliction of emotional distress claim under Connecticut law, a plaintiff must establish "(1) that the actor intended to inflict emotional distress or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the distress suffered by the plaintiff was severe." *Appleton v. Stonington Bd. of Ed.,* 254 Conn. 205, 210 (2000) (citation omitted). In addition, "[w]hether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. Only where reasonable minds disagree does it become an issue for the jury." *Id.* (citation omitted).

To be held liable for intentional infliction of emotional distress, one's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Appleton,* 254 Conn. at 210-11 (internal quotation marks and citation omitted). The defendants alleged failure to timely provide treatment to alleviate the pain caused by the plaintiff's ankle condition and to delay a diagnosing the cause of the pain in his kidney and abdomen does not rise to the level of "extreme and outrageous" conduct as those terms are interpreted by Connecticut courts. *See, e.g.*, *Huff v. W. Haven Bd. of Educ.*, 10 F. Supp. 2d 117, 122 (D. Conn. 1998) (The standard in Connecticut to demonstrate extreme and outrageous conduct is "stringent."). "[E]xtreme and outrageous" conduct is defined as that which "exceed[s] all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *DeLaurentis v. New Haven*, 220 Conn. 225, 267 (1991). Furthermore, other than describing the distress due to the uncertainty and speculation about the cause of his abdominal and kidney pain as "extreme" the plaintiff has asserted no facts to suggest that he suffered severe emotional distress as a result of the conduct of the defendants.

The Court concludes that the plaintiff has not stated a plausible claim that the conduct of the defendants constituted intentional infliction of emotional distress. This tort claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

**ORDERS**

In accordance with the foregoing analysis, the Court enters the following orders:

**(1)** The claim seeking monetary damages from the defendants in their official capacities for violations of the plaintiff's Eighth Amendment rights is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The ADA claim and the state law claim of intentional infliction of emotional distress are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment deliberate indifference to medical needs claims will proceed against all defendants in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive relief.

**(2)** Within twenty-one (21) days of this Order, the Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshals Service. The U.S. Marshals Service shall serve the summons, a copy of the complaint, and a copy of this order on Nurse/Health Services Administrative Remedy Coordinator Janine Brennan, Nurse Kayla Lozada, Nurse Peter Burns, Nursing Supervisor Kara Phillips, Nursing Supervisor Amy Benoit, Dr. Ingrid Feder, and Director of Medical Services Colleen Gallagher in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06160.

**(3)** Within twenty-one (21) days of this Order, the Clerk shall verify the current work addresses of: Nurse/Health Services Administrative Remedy Coordinator Janine Brennan, Nurse Kayla Lozada, Nurse Peter Burns, Nursing Supervisor Kara Phillips, Nursing Supervisor Amy Benoit, Dr. Ingrid Feder, and Director of Medical Services Colleen Gallagher and mail a copy of the complaint, this order, and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her confirmed address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the Court on the status of each request. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(4)** Defendants Brennan, Lozada, Burns, Phillips, Benoit, Feder, and Gallagher shall

file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any additional defenses permitted by the Federal Rules.

**(5)**	Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the Court.

**(6)**	All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

**(7)**	If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court.  Failure to do so can result in the dismissal of the case.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  If the plaintiff has more than one pending case, he should indicate all case numbers in the notification of change of address.  The plaintiff should also inform the attorney for the defendants of his new address.

**(8)**	The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court.  The plaintiff is advised that the Program may be used only to file documents with the Court.  Local Court Rule 5(f) provides that discovery requests are not to be filed with the Court.  Therefore, discovery requests must be served on defendants' counsel by regular mail.

**(9)**	The Clerk shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and to the DOC Legal Affairs Unit.

**(10)** The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which will be sent to the parties by the Clerk. The order also can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders.

SO ORDERED at Hartford, Connecticut this 6th day of October, 2021.

_____/s/_____
Michael P. Shea
United States District Judge